**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Robert Visintine,

    Petitioner,

  v.

United States of America,

    Respondent.

Case No.  1:92cr96-1
              1:91cr122-2
              1:92cr085

Judge Michael R. Barrett

## ORDER

This matter is before the Court on Petitioner Robert Visintine's Motion to Vacate under 28 U.S.C. 2255. (Doc. 22). Petitioner also filed the following identical motions in both pending cases: Motion for Emergency Relief and Expedited Consideration (Docs. 23, 47, 15); Motion for Judgment on the Pleadings (Doc. 25, 48, 16); Motion for Judgment (Docs. 29, 57, 18); and Motion for Judgment on the Pleadings (Docs. 30, 58, 19). (*Compare* Docs. 23, 25, 29, 30 in Case No. 1:92cr96-1 *with* Docs. 47, 48, 57, 58 in Case No. 1:91cr122-2 *and* Docs. 15, 16, 18, 19 in Case No. 1:92cr085). Also pending is a Motion to Expedite in Case No. 1:92cr96-1. (Doc. 24).

In 1992, Petitioner plead guilty to four counts of Armed Bank Robbery, 18 U.S.C. § 2113, and two counts of carrying and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). He was sentenced to 375 months in prison.

On June 24, 2016, Petitioner filed his first § 2255 motion. (Doc. 13). He argued his sentence should be vacated pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In granting the Government's

motion to dismiss, the undersigned explained that unlike the residual clause of the Armed Career Criminal Act at issue in *Johnson*, the Sixth Circuit has expressly held that the residual clause of 18 U.S.C. § 924(c) remains valid. (Doc. 21, PageID 29-30) (citing *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016)).

In Petitioner's instant § 2255 motion, he asks the Court to vacate his sentence, arguing that he is being denied proper cancer treatment and therefore the Government has breached the plea agreement.

Before a second or successive § 2255 motion may be filed in the district court, a federal prisoner must file a motion in the court of appeals as provided in 28 U.S.C. § 2254(b). However, "[a] claim raised in a numerically second habeas petition would not be deemed "second or successive" to the extent that it is based on a factual predicate that arose after a first habeas petition was filed." *In re Owens*, 525 Fed.Appx. 287, 290 (6th Cir. 2013) (citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)).

However, before this Court could rule on Petitioner's pending motions, he filed a petition for a writ of mandamus in the Sixth Circuit, asking the Sixth Circuit to compel the undersigned to rule on his § 2255 motion. In denying his mandamus petition, the Sixth Circuit explained that "a motion to vacate is not the proper vehicle to challenge the provision of medical care." *In re Visintine*, Case. No. 17-4193 (6th Cir. Feb. 8, 2018). Indeed, a civil rights action against the prison officials would be the proper mechanism to raise a challenge alleging failure to provide medical care. *Id.*; *see also In re Owens*, 525 Fed.Appx. 287, 290 (6th Cir. 2013) (finding that claims of improper medical care constitute a challenge to the conditions of confinement and thus, are not properly pursued in a § 2254 petition); *Hamilton v. Bird*, 650 Fed.Appx. 585, 593 (10th Cir. 2016) (prisoner's

claim he was denied cancer treatment while incarcerated should be raised in a § 1983 action).

Accordingly, regardless of whether Petitioner's second § 2255 motion constitutes a successive petition, the Sixth Circuit has already determined that Petitioner's claims are not properly raised in a § 2255 motion.

Considering the foregoing, Petitioner's § 2255 motion (Doc. 22) is **DENIED**. Further, his Motions for Emergency Relief and Expedited Consideration (Docs. 23, 47, 15), Motion to Expedite (Doc. 24), and Motions for Judgment on the Pleadings (Doc. 25, 29, 30; Docs. 48, 57, 58; and Docs. 16,18,19) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

    s/ *Michael R. Barrett*
Michael R. Barrett
United States District Judge